IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.  Case No. 2:15-cr-148

KENNETH R. MEEKS

### DEFENDANT KENNETH R. MEEKS' POSITION WITH RESPECT TO SENTENCING FACTORS

COMES NOW the defendant, Kenneth R. Meeks, and as and for his Position With Respect To Sentencing Factors, respectfully states the following:

### GUIDELINES CALCULATIONS

The defendant does not object to the proposed guidelines calculations of 135-168 months. However, for the reasons stated below, the defendant respectfully submits that, subject to any 5K motion by the Government, the starting point for considering the defendant's sentence should be a variance from the bottom end of the guidelines to the mandatory minimum term of imprisonment of 60 months.

### SECTION 3553 (a) FACTORS

18 U.S.C. Section 3553 (a) directs that, "The court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of that subsection.

#### Nature and Circumstances of the Offense

The defendant has pleaded guilty to charges involving a felon in possession of firearms, which is also characterized as a status offense; as well as conspiracy to distribute 500 grams or more of cocaine.

It should be noted that the drug conspiracy component of this case was not a particularly lengthy period of time, comprising "from in or about 2014 and continuing

1

thereafter until on or about July 16, 2014."

With respect to the felon in possession aspect of the case, none of the firearms were stolen, nor were any of the serial numbers obliterated.

There are no aggravating adjustments for the defendant's role in the offense, nor any information indicating that the defendant impeded or obstructed justice.

The defendant has accepted full responsibility for his actions. The PRS indicates that he has "expressed regret for his participation and vows not to put himself in this position in the future."

Moreover, the defendant has cooperated significantly and substantially with the United States from early in this case in a variety of ways, including his recent testimony in this Court against another defendant, which testimony was instrumental in assisting the Government in securing convictions against that target defendant.

Accordingly, based on all of the foregoing, and subject to any 5K motion filed by the Government, the defendant respectfully submits that the nature and circumstances of the offense support the conclusion that the starting point for defendant's sentencing should be a variance from the low end of the guidelines to the mandatory minimum term of 60 months.

History of the Defendant

The defendant is 27 years old and is an only child. He was raised by his mother and stepfather and had no contact with his biological father until he was almost 16 years old, as his mother and stepfather kept them apart. The defendant was resentful for not having his biological father in his life, but the defendant's mother advised that she felt that the defendant needed to be shielded from his biological father because of his father's negative influences and illicit behaviors. The defendant's mother further stated that when the

defendant was just an infant, the police informed her that the biological father was selling drugs and that this could lead to removal of the infant defendant from the mother, at which point she separated from the biological father.

The defendant was challenged with leukemia at age 17, which negatively affected his behavior.

However, a little over 2 years ago, the defendant married, has two children, and one on the way. To his credit, the defendant adopted his wife's four-year-old child in 2014, has a nine-month-old with his wife, and is expecting the birth of their third child this month.

The president of Global Refining Group, Inc. has provided a letter attesting to the defendant's integrity and honesty.

The defendant's leukemia is fortunately currently in remission, although he presently suffers from a rare virus of the left eye causing blurred vision and occasional pain. He has been prescribed Adderall, for ADHD.

The defendant has had a history of substance abuse for which he has successfully completed an ASAP program (2012), as well as a substance abuse treatment program (2015-2016). The defendant would certainly benefit from a recommendation by the Court to the Bureau of Prisons that he be admitted to the Bureau's RDAP substance abuse education program.

To his further credit, the defendant is a high school graduate of Great Bridge High School and did attend Old Dominion University from August 2007 to May 2008. He possesses skills as a heavy machine operator. The defendant has maintained regular employment from 2008 until the present.

Based on the defendant's laudable efforts at starting a young family, including adopting his wife's daughter, his high school graduation achievement, his 8 years of steady

employment, and his leukemia and rare eye virus mitigating health conditions, the defendant respectfully submits that, subject to any 5K motion by the Government, a just starting point for his sentence consideration should be a variance from the low end of the guidelines to the mandatory minimum term of 60 months.

## CONCLUSION

For the foregoing reasons, the defendant respectfully submits that the Court should commence its sentencing analysis at 60 months and afford the defendant an appropriate and substantial reduction subject to any 5K motion by the United States.

            KENNETH R. MEEKS
              /s/
            Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Stanley E. Sacks, Esquire, VSB# 04305
Attorneys for defendant Kenneth R. Meeks
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 801
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

 Darryl J. Mitchell, Esquire, VSB #37411
 Assistant United States Attorney
 Office of the U. S. Attorney
 101 West Main Street, Suite 8000
 Norfolk, VA 23510
 Telephone: (757) 441-6331
 Facsimile: 441-6689
 E-mail: darryl.mitchell@usdoj.gov

I hereby further certify that on this 11th day of October, 2016, I will fax and mail the foregoing to Anita G. Powell, United States Probation Officer, 827 Diligence Drive, Suite 210,

Newport News, VA 23606.

                                                  /s/
                                      Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Stanley E. Sacks, Esquire, VSB# 04305
Attorneys for defendant Kenneth R. Meeks
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 801
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\IC\MEEKS Kenneth\PositionSentFactors10 11 16.docx